UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE EARL ELLIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:24 CV 7 RWS |
| | ) | |
| TERI VANDERGRIFF, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This case is before me on the petition of Jamie Earl Ellis for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Ellis asserts nine grounds for relief in his petition. However, Ellis's petition is untimely and he is not entitled to equitable tolling. As a result, I will deny Ellis's petition.

## BACKGROUND

Petitioner Ellis is an inmate at the Ozark Correctional Center in Fordland, Missouri. On November 21, 2021, Ellis pleaded guilty in Class D felony possession of a controlled substance. On November 23, 2021, the Pulaski County Circuit Court sentenced Ellis to seven years in the Missouri Department of Corrections but suspended the execution of that sentence, placing Ellis on probation for five years. Ellis did not appeal his conviction, which became final on January 2, 2022.

On February 28, 2023, the trial court held a probation violation hearing and determined that Ellis violated his probation by possessing a controlled substance and by engaging in a prohibited association with two other persons under felony supervision. The court revoked Ellis's probation and ordered his seven-year sentence to be executed.

On July 26, 2023, Ellis filed a motion to vacate, set aside, or correct the judgment or sentence under Rule 24.035. The motion court dismissed that motion as untimely on December 26, 2023. Ellis did not appeal. On January 2, 2024, Ellis filed this petition for writ of habeas corpus. Based on these facts, Respondent asserts that Ellis's petition should be denied as untimely.

## LEGAL STANDARD

Federal courts are authorized to issue habeas relief for state prisoners pursuant to 28 U.S.C § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). *Harrington v. Richter*, 562 U.S. 86, 97 (2011). But this power is limited to "only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States.'" *Id.* Notwithstanding narrow exceptions, federal courts may not grant such applications if the applicant has not exhausted state remedies. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

For claims adjudicated on the merits in state court proceedings, federal courts may issue habeas relief only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

An adjudication is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). An adjudication is an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* The standard requires an objectively unreasonable application of federal law; a merely incorrect application is not sufficient. *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). Thus, to obtain habeas relief from a federal court, the petitioner must show that the challenged state court ruling "rested on an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013) (cleaned up). This standard is difficult to meet. *Id.* at 357–58.

3

As with legal findings, "a determination of a factual issue by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "[E]ven erroneous fact-finding by the [state] courts will not justify granting a writ if those courts erred 'reasonably.'" *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

## DISCUSSION

Ellis's petition will be dismissed as untimely. The AEDPA restricts the window during which a prisoner may file a petition for writ of habeas corpus to one year from the time the state court judgment is made final. 28 U.S.C. § 2244(d)(1)(A). This statute of limitations is tolled during post-conviction review proceedings but resumes the day after the post-conviction review court issues its mandate. 28 U.S.C. § 2244(d)(2); *see King v. Hobbs*, 666 F.3d 1132, 1136 (8th Cir. 2012) (applying Fed. R. Civ. P. 6(a)(1)(A) to the AEDPA).

Here, the AEDPA's statute of limitations began running after Ellis's state court judgment became final on January 2, 2022. *See Garrett v. Dormire*, No. 4:10-CV-1861 CDP, 2011 WL 4445839, at *4 (E.D. Mo. Sept. 26, 2011) (citing *State v. Nelson*, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999)) ("Under Missouri law a suspended execution of sentence is an entry of judgment because the sentence has been assessed and only the act of executing the sentence has been suspended."); *O'Neall v. Minor*,

4

No. 4:17-CV-1297 AGF, 2020 WL 5517616, at *5 (E.D. Mo. Sept. 14, 2020) (finding that the AEDPA's statute of limitations began running after petitioner received a suspended execution of sentence).

After the final judgment, the AEDPA's statute of limitations ran for 567 days and had already expired when Ellis filed a Rule 24.035 motion on July 26, 2023. This post-conviction motion did not toll the statute of limitations because the motion for post-conviction relief was untimely.[1]  *See* ECF No. 17-21 (state court judgment dismissing Ellis's post-conviction relief motion as untimely); 28 U.S.C. § 2244(d)(2) (statute is tolled while a "*properly filed* application for State post-conviction or other collateral review . . . is pending") (emphasis added); *Garrett*, 2011 WL 4445839, at *4.  As a result, Ellis's statute of limitations ran for a total of 730 days between January 2, 2022 and January 2, 2024, when Ellis filed this petition.  Accordingly, his petition is not timely under 28 U.S.C. § 2244(d)(1)(A).

Equitable tolling is not appropriate here to excuse Ellis's failure to comply with the federal timing rules.  Under the doctrine of equitable tolling, courts may "afford[] the otherwise time-barred petitioner an exceedingly narrow window of relief." *Chachanko v. United States*, 935 F.3d 627, 629 (8th Cir. 2019) (internal citation omitted).  But "[e]quitable tolling is an 'extraordinary' remedy," *id.*, that can

---

[1] The version of Rule 24.035 in effect at the time Ellis committed this offense reads, in circumstances like Ellis's, "the motion shall be filed within 180- days of the date the sentence is entered."

5

be granted "only if [Ellis] shows '(1) that he has been pursuing rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal citation omitted). Ellis has not alleged any diligence or an extraordinary circumstance. As a result, he is not entitled to equitable tolling.

## CONCLUSION

I will deny Ellis's petition for writ of habeas corpus because his petition is untimely and not entitled to equitable tolling. I will also decline to issue a certificate of appealability because Ellis has not made a substantial showing of the denial of a federal constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that Ellis's petition of for a writ of habeas corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that Ellis's motion for judgment on the pleadings [22] is **DENIED**.

**IT IS FURTHER ORDERED** that Ellis's motions to appoint counsel [23, 24] are **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability under 28 U.S.C. § 2253.

A separate Judgment in accordance with this Memorandum and Order will be entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of August 2025.